IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINA KAEHU, AULANI KAAIHUE, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF HAWAII DISTRICT COURT EWA DIVISION, et al., <br><br> Defendants. | CIVIL NO. 22-00308 JAO-KJM <br><br> ORDER REMANDING CASE |

**ORDER REMANDING CASE**

Plaintiffs Lina Kaehu, formerly known as Lynnell McDermott-Charbonnet, and Aulani Kaaihue, formerly known as Jesse Charbonnet (collectively, "Plaintiffs"), initiated this action by filing a Complaint on July 15, 2022. Because they in fact attempt to remove a state district court action, *Central Pacific Realty v. Charbonnet*, 1DRC-21-0008768, the Court construes the Complaint as a notice of removal.[1] Compl. at 6; ECF No. 1-1. On July 22, 2022, the Court ordered

---

[1] Plaintiffs failed to include relevant pleadings and orders. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*." (emphasis added)). Based on the Court's review of the state district court docket,

Plaintiffs to show cause why this case should not be remanded for lack of subject matter jurisdiction. ECF No. 5. The Court explained that Plaintiffs failed to explain how the state court case — a summary possession case — is removable to federal court. *Id.* at 2. None of Plaintiffs' challenges to the state district court proceedings, objections, or citations to irrelevant federal statutes in their response establish a basis for removal. ECF No. 10. As a result, Plaintiffs' attempted removal is inappropriate, and the case must be remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,'

---

it appears that judgment has entered and that only the determination of the amount of awarded attorneys' fees and costs remain, if anything.

and that the court resolves all ambiguity in favor of remand to state court." (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam))); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  Courts should presume that a case lies outside the limited jurisdiction of the federal courts.  *See Hunter*, 582 F.3d at 1042.

      Plaintiffs list a number of statues[2] in an attachment to their notice of removal, and also assert a 42 U.S.C. § 1983 human rights violation claim, but none provide a basis for removal.  Again, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant," so either federal question or diversity jurisdiction is required. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted).  Whether federal question jurisdiction exists is determined by the well-pleaded complaint rule, which "'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  *Hunter*, 582 F.3d at 1042 (quoting *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) ("A case 'arises under' federal law only if the federal question

---

[2]  For example, Plaintiffs request "transfer" of the case to federal court pursuant to 18 U.S.C. §§ 1021, 1028, 1036, 1091, 2340, 2340A, 2441, 2442 and 28 U.S.C. § 509B.  ECF No. 1-1.

appears on the face of the plaintiff's well-pleaded complaint." (citations omitted)). Thus, "removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)).  The federal question may not be aided by the answer or by the petition for removal.  *See Takeda*, 765 F.2d at 822 (citation omitted).

Plaintiffs have not supplied the state district court complaint or otherwise demonstrated that the case was removable based on the existence of a federal question, and it is unlikely that a summary possession complaint would present a federal question in any event.  *See* 28 U.S.C. § 1446(b)(3).  Moreover, the citation to federal statutes in the notice of removal and the Response to the Order to Show Cause does not create federal question jurisdiction.[3]  *Cf. Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("[F]ederal jurisdiction [cannot] rest upon an actual or anticipated counterclaim.").  To the extent Plaintiffs wish to affirmatively assert federal claims, they may file an independent lawsuit, but are cautioned that the

---

[3] Plaintiffs cite a number of irrelevant federal statutes in the Response that are not listed in the notice of removal.

Court lacks jurisdiction to entertain direct challenges to state court proceedings,[4] which Plaintiffs appear to seek in part.

Neither have Plaintiffs demonstrated that diversity jurisdiction exists, and there is no indication that they intended to invoke it. To establish diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the matter in controversy must be between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that

---

[4] Such challenges implicate the *Rooker-Feldman* doctrine, which "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citation omitted); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction. If there is simultaneously pending federal and state court litigation between the two parties dealing with the same or related issues, the federal district court in some circumstances may abstain or stay proceedings; or if there has been state court litigation that has already gone to judgment, the federal suit may be claim-[or issue-] precluded under [28 U.S.C.] § 1738. But in neither of these circumstances does *Rooker–Feldman* bar jurisdiction.

*Kougasian*, 359 F.3d at 1140.

each of the plaintiffs be a citizen of a different state than each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).

Plaintiffs have not identified the parties' citizenships or averred that the amount in controversy exceeds $75,000.00. Therefore, diversity jurisdiction is lacking.

For these reasons, removal is improper. The Court accordingly remands the case for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the foregoing, the Court REMANDS this case to the District Court of the First Circuit, State of Hawaiʻi, Ewa Division.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, August 8, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00308 JAO-KJM; *Kaaihue v. State of Hawaii District Court Ewa Division*; ORDER REMANDING CASE